UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.

JERRY GLENN TURPIN,
      *Defendant-Appellant.*

No. 01-4954

Appeal from the United States District Court
for the Western District of North Carolina, at Bryson City.
Lacy H. Thornburg, District Judge.
(CR-00-76)

Submitted: July 1, 2002

Decided: August 23, 2002

Before WILKINS, MOTZ, and KING, Circuit Judges.

___

Affirmed by unpublished per curiam opinion.

___

**COUNSEL**

D. Rodney Kight, Jr., KIGHT LAW OFFICE, Asheville, North Carolina, for Appellant. Thomas Richard Ascik, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

___

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jerry Glenn Turpin pled guilty under a plea agreement to one count of robbery of a federally insured bank in violation of 18 U.S.C.A. § 2113(a) (West 2000). Turpin waived his right to contest his conviction or sentence in a direct appeal other than for claims of ineffective assistance of counsel or prosecutorial misconduct. The district court sentenced Turpin to 240 months in prison and three years of supervised release.

Turpin's attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising the issue of whether an ineffective assistance of counsel claim was clear from the face of the record, but stating that, in his view, there are no meritorious issues for appeal. Turpin filed a supplemental pro se brief raising the additional issue of whether his counsel was ineffective for failing to raise a diminished capacity defense.

Claims of ineffective assistance of counsel are not cognizable on direct appeal unless counsel's ineffectiveness plainly appears on the face of the record. *United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). The record does not conclusively show that Turpin's counsel was ineffective; the claim therefore is not cognizable.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Turpin's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*